Dear Representative Romero:
This office is in receipt of your opinion request wherein you present questions concerning access to immovable property. You provide the following: "[Party A] owns a piece of property he cannot get to from the highway. A right of way was drawn up through the entire property so the owners in the back of the property would have access to the highway. The railroad has to be crossed to get to the highway. The highway gave these people the right to cross the track at the end of the right of way in 1975. In 1981, [Party B] leased the crossing that was used by the right of way going to Party A's property. Party B barricaded the crossing so that Party A and other property owners along the right of way cannot cross the railroad."
Reliant on the above, you ask whether Party B can block the crossing preventing Party A and similarly situated property owners from accessing their property. Additionally, you indicate "the railroad told Party A years ago he had to use the crossing nearest to his right of way. Since the railroad has leased that part of the railroad to Party B, Party A has no access to the highway from his property in the back."
Party A and the similarly situated property owners share a common ancestry. Each of the individual family members obtained their parcels through partition of a larger tract of land. In the act of partition, each of the partitioner's agreed to establish a private roadway fronting the westerly side of all such parcels. This roadway provides each of the partitioner's a means of accessing what appears to be the closest public road, LA Highway 329. To access LA Highway 329 via the private road, one must cross over a railway owned by Southern Pacific Railroad Company. Southern Pacific has "leased" the crossing to Party B who has now barricaded the crossing preventing access to property owned by Party A and his family.
It is apparent from the documents presented that were it not for the road accessing LA Hwy. 329, the property owned by Party A and his family would be enclosed with no means of ingress or egress. The private road is a conventional servitude or right of passage and is effective as between the owners of the partitioned properties. This conventional servitude does not, however, in and of itself grant the partitioner's a right of access to LA Hwy 329. In practical effect, the servitude only grants a right of passage to those partitioner's whose parcels became enclosed as a result of the act of partition to travel upon and across one another's land.
Of more relevance to Party A and his family is the legal servitude or right of passage. The legal right of passage over a neighbor's property to an enclosed estate is addressed in La.Civ. Code art. 689 which states:
 The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion.
While the legal right of passage exists in favor of the owner of an enclosed estate, he may not demand passage anywhere he chooses. Passage is generally taken along the shortest route from the enclosed estate to the public road at a location least injurious to the intervening lands. La.Civ. Code art. 692.
Therefore, assuming the point at which Party B has chosen to place the barricade is the "shortest route from the enclosed estate to the public road," and it certainly appears to be, there would be a legal servitude or right of passage existing in favor of Party A and his family.
In addition to this finding of a legal servitude in favor of Party A and his family, the Private Roadway Agreement entered into between Party B and Southern Pacific Railroad is "subject to all licenses, leases,easements, encumbrances and claims of title affecting said property of Railroad."
The legal servitude or right of passage is effective as to Southern Pacific Railroad Company, therefore any lease currently held by Party B would be subordinate to said right by the very terms of the Private Roadway Agreement. This conforms to information you provided that Southern Pacific Railroad Company told Party A years ago that he "had to use the crossing nearest to his right of way." It would seem that Southern Pacific also recognizes the existence of a legal servitude or right of passage existing in favor of Party A.
In conclusion, it would appear that Party B has no basis in law or fact for maintaining the barricade and/or preventing access to property owned by Party A and his family.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KEVIN L. HANCHEY Assistant Attorney General